IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS DIAZ and MYRNA DIAZ,

      Plaintiffs *pro se*,

vs.                                                          CIV No. 00-0577 JC/RLP

SECOND JUDICIAL DISTRICT COURT and
OFFICE OF BERNALILLO COUNTY DISTRICT
ATTORNEY and ALBUQUERQUE POLICE DEPT.
and NEIL CANDELARIA, JEFF ROMERO,
PETER DECKER, CARTER CLARY, RAY BACA
DON McGRATH, APD OFFICER ARVICKSON, TOM
SHOLTIS AND APD OFFICER DANG, ALL ARE
INDIVIDUALS PERFORMING UNAUTHORIZED
ACTS WHILE ON OFFICIAL DUTY, AND
OTHERS YET UNNAMED, All Individually,
Jointly and Severally,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendants Candelaria, Romero, Decker and Clary's Motion to Dismiss, filed April 28, 2000 as Supplemental Submission of Second Judicial Court File Documents with Respect to the Removal of Case *(Doc. 3)*. The Court has reviewed the motions, the memoranda and exhibits submitted by the parties and the relevant authorities. The Court finds that the motion is well taken and will be granted.

### BACKGROUND

Plaintiffs Carlos and Myrna Diaz seek damages and injunctive and declaratory relief for civil rights violations allegedly suffered while they were facing criminal charges in New Mexico State

Court. Plaintiffs' case was dismissed "without prejudice" after the recent ruling in *State v. Ulibarri*, 1999-NMCA-142, 128 N.M. 546, *aff'd* 2000-NMSC-007, 128 N.M. 686(holding that a prosecutor is required to instruct the grand jury on the record of the offenses it is to consider, as opposed to merely providing written instructions). Nevertheless, Plaintiffs allege constitutional violations at all stages of their criminal case, from arrest to dismissal of the case, now bringing suit against the defendants in their official and individual capacities. In this motion, Second Judicial District Court Judge Neil Candelaria, Second Judicial District Attorney Jeff Romero and Assistant District Attorneys Peter Decker and Carter Clary move to dismiss Plaintiffs' claims against them on the basis of Eleventh Amendment, prosecutorial and judicial immunity.

## ANALYSIS

I.  **Title 42 U.S.C. §§ 1983, 1985, and 1986**

   A.  **Eleventh Amendment Immunity**

Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as citizens of another state." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Where a suit is against a state official acting in his official capacity, the suit is treated as a suit against the state. *See Will v. Michigan Dep.'t of State Police*, 491 U.S. 58, 71(1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). In the case of §1983 civil rights litigation, Congress has not abrogated Eleventh Amendment immunity. *See id.* at 169 n. 17. The reasoning behind extending Eleventh Amendment immunity to state agencies, departments, and employees acting in their official capacity is that suits against such parties are, in reality, suits against the state, seeking

recovery of money from the state. *See Edelman*, 415 U.S. at 663(citing *Ford Motor Co. v. Department of Treasury*, 323 U. S. 459, 464 (1945)).

Moreover, neither a state nor a state actor acting in his official capacity is a "person" subject to liability for monetary damages under 42 U.S.C. § 1983. *See Will v. Michigan Dep.'t of State Police*, 491 U.S. at 65. Neither is a state (or state official) a "person" for purposes of liability under 42 U.S.C. § 1985 or §1986. *See Sharp v. State*, 783 P.2d 343, 346 (Kan. 1989). Therefore, the Court finds that the Eleventh Amendment bars this action against the defendant state agencies and officials sued in their official capacity.

### B.     Judicial Immunity

A state official sued in his "individual capacity" is not cloaked in the State's Eleventh Amendment protection from suit, and can be a "person" liable under § 1983 for deprivation of federal rights. *Hafer v. Melo*, 502 U. S. 21, 27 (1991). Thus, "the Eleventh Amendment does not erect a barrier against suits to impose individual and personal liability on state officials under §1983." *Id.* at 30 (internal quotations omitted). However, judicial immunity provides absolute immunity from civil damages liability for acts performed in a judge's judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F. 2d 812, 815 (10th Cir. 1981).

As a state court judge, Judge Candelaria is therefore cloaked in immunity for his judicial acts and cannot be held liable for damages under § 1983. *See Forrester v. White*, 484 U.S. 219, 225-28 (1988); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). In this case, Plaintiffs allege that Defendant Candelaria conspired with the state District Attorney to violate Plaintiffs' constitutional

rights. To support their claims, Plaintiffs describe a series of rulings made by Judge Candelaria during their criminal proceedings. Specifically, Plaintiffs point to Judge Candelaria's decision to dismiss the criminal charges against Plaintiffs "without prejudice." Clearly, Judge Candelaria's decision, and his refusal to set a hearing at the Plaintiffs' request, constitute judicial acts performed in his judicial capacity which are subject to absolute judicial immunity. Furthermore, despite Plaintiffs' belief that Judge Candelaria "had it in" for them, "judicial immunity is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. at 11; s*ee also Harris v. Champion*, 51 F.3d 901, 906 (10th Cir.1995) (immunity for allegations of excessive conduct); *Sparkman*, 435 U.S. at 356-57 (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority...."). Accordingly, the Court finds that judicial immunity applies to Defendant Candelaria. Therefore, Plaintiffs' claims against him in his individual capacity are also dismissed.

### C.     **Prosecutorial Immunity**

Plaintiffs also allege that Second Judicial District Attorney Jeff Romero and Assistant District Attorneys Peter Decker and Carter Clary ("District Attorney Defendants") violated their constitutional rights through "prosecutorial mis-conduct." *See* Complaint at 7. However, the Supreme Court has held that a prosecutor enjoys absolute immunity from damages under §1983 when he "initiat[es] a prosecution and . . . present[s] the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Prosecutorial immunity also extends to actions brought under 42 U.S.C. §1985 and §1986 as well. *See e.g., Snelling v. Westhoff*, 972 F.2d 199, 200 (8th Cir. 1992).

In this case, the District Attorney Defendants were clearly acting in an area in which they were protected by absolute immunity. Plaintiffs' claims against them arose out of actions allegedly taken while Plaintiffs were facing indictment. *See* Complaint at 6.  Accordingly, the Court finds that prosecutorial immunity applies to the District Attorney Defendants.  Therefore, Plaintiffs' claims against the District Attorney Defendants in their individual capacities are dismissed.

### II.     Title 18 U.S.C. §§ 241 and 245

In addition to  §§ 1983, 1985, and 1986 claims**,** Plaintiffs state claims for violation civil rights violations under Title 18 U.S.C. §§ 241 and 245.  *See* Complaint at 9.  18 U.S.C. § 241 makes it a crime for two or more persons to conspire to deprive another of rights secured by the Constitution or laws of the United States. 18 U.S.C. § 245 provides for punishment of persons who attempt to interfere with participation in certain federally protected activities. Since §§ 241 and 245 are criminal statutes, there is no private right of action for violation of them.  *See Powers v. Karen*, 768 F. Supp. 46, 51 (E.D.N.Y. 1991), *aff'd* 963 F.2d 1522 (2d Cir.1992)(no private cause of action under § 241); *Williams v. Tri-County Cmty Ctr*, 452 F.2d 221, 223 n.3 (5th Cir. 1971)(§ 245 is a criminal statute that confers no civil rights); *John's Insulation, Inc. v. Siska Constr. Co.,* 774 F. Supp. 156, 163 (S.D.N.Y.1991)(§ 245 confers neither substantive rights nor a private right of action for damages). Thus, Plaintiffs have no standing to bring a claim under these sections. Therefore, Plaintiffs' claims for violation of 18 U.S.C.  §§ 241 and 245 are dismissed.

### III. Title 28 U.S.C. §§ 453 and 455

Plaintiffs also claim that Judge Candelaria violated his oath of office under 28 U.S.C § 453 and his requirement to disqualify himself under 28 U.S.C. § 455. *See* Complaint at 9. However, U.S.C.A. Const. Art. 6, cl. 3, mandating that federal judges swear oath of allegiance to Constitution, and 28 U.S.C § 453 setting forth such oath, do not create a substantive cause of action against a federal judge for acting contrary to Constitution. *See Lewis v. Green*, 629 F. Supp. 546, 554 n.14 (D.D.C.1986). Furthermore, 28 U.S.C. §§ 453 and 455 apply to federal judges. Judge Candelaria is a state judge. Therefore, Plaintiffs fail to set forth actionable claims under 28 U.S.C. §§ 453 and 455, and these claims will be dismissed.

### IV. Laws and Constitution of the State of New Mexico

Plaintiffs' claims under the "the laws of the State of New Mexico" and "all applicable state common law" are also dismissed for failure to state a claim. *See* Complaint at 2. Plaintiffs' claims are barred by the New Mexico Tort Claims Act, which grants governmental entities and public employees acting within the scope of their duties immunity from tort liability unless specifically waived by the Act. *See* NMSA 1978 § 41-4-4A. Also, New Mexico law does not provide a damages remedy for alleged violations of state constitutional rights by state defendants. *See Ford v. New Mexico Dep.'t of Pub. Safety*, 119 N.M. 405, 412 (Ct. App. 1994)(A person may not sue the state for damages for violation of a state constitutional right absent waiver of immunity under the Tort Claims Act). There has been no waiver of immunity in this case, and the Judicial Defendants are being sued for actions taken in the scope of their employment. Therefore, Plaintiffs' claims are barred and must be dismissed.

V.      **Injunctive and Declaratory Relief**

Finally, the Judicial Defendants seek dismissal of Plaintiffs' claims for injunctive and declaratory relief. The Court understands Plaintiffs' claim to be a request for an injunction prohibiting further prosecution of the criminal claims against them and a declaratory ruling that any such prosecution would be unlawful. The criminal charges against the Plaintiffs were dismissed "without prejudice" after the recent ruling in *State v. Ulibarri*, 1999-NMCA-142, 128 N.M. 546, *aff'd* 2000-NMSC-007, 128 N.M. 686(holding that a prosecutor is required to instruct the grand jury on the record of the offenses it is to consider, as opposed to merely providing written instructions). In affirming the Court of Appeals decision, the New Mexico Supreme Court specifically reiterated that all dismissals were to be "without prejudice." *See Ulibarri,* 000-NMSC-007, ¶ 1, 128 N.M. 686. Therefore, Judge Candelaria's ruling was not unlawful and Plaintiffs' claim for declaratory relief is denied. Furthermore, as of yet, there has been no re-indictment. Accordingly, Plaintiffs' claim for injunctive relief is moot and will be dismissed.

Wherefore,

IT IS HEREBY ORDERED that Defendants Candelaria, Romero, Decker and Clary's Motion to Dismiss ("Judicial Defendants"), filed April 28, 2000 as Supplemental Submission of Second Judicial Court File Documents with Respect to the Removal of Case *(Doc. 3)* is **granted**.

Dated this 7th day of December, 2000.

_____
UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiffs

    Carlos and Myrna Diaz
    *Pro Se*

Attorneys for Defendants

    *Judicial Defendants*
    Barbara Pryor, Esq.
    McCary, Wilson & Pryor
    Albuquerque, New Mexico