## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CARLOS DIAZ and MYRNA DIAZ,

        Plaintiffs *pro se*,

vs.                                                                                 CIV No. 00-0577 JC/RLP


SECOND JUDICIAL DISTRICT COURT and
OFFICE OF BERNALILLO COUNTY DISTRICT
ATTORNEY and ALBUQUERQUE POLICE DEPT.
and NEIL CANDELARIA, JEFF ROMERO,
PETER DECKER, CARTER CLARY, RAY BACA
DON McGRATH, APD OFFICER ARVICKSON, TOM
SHOLTIS AND APD OFFICER DANG, ALL ARE
INDIVIDUALS PERFORMING UNAUTHORIZED
ACTS WHILE ON OFFICIAL DUTY, AND
OTHERS YET UNNAMED, All Individually,
Jointly and Severally,

        Defendants.


## <u>MEMORANDUM OPINION AND ORDER</u>


        THIS MATTER came on for consideration of Plaintiffs' Motions for Default Judgment against Defendants Albuquerque Police Department, Leif Arvickson, Ray Baca, Tom Sholtis, and Huang Dang ("APD Defendants"), filed May 23, 2000 *(Docs. 11, 12, 13, 14, 15)* and Plaintiffs' Motion for Judgment Order against Defendant Donald McGrath, filed August 25, 2000 *(Doc. 21)*. The Court has reviewed the motions, the memoranda and exhibits submitted by the parties and the relevant authorities and finds that Plaintiffs' Motions for Default Judgment are not well taken and will be **denied**. The Court further finds that Plaintiffs' Motion for Judgment Order against Defendant Donald McGrath will be set for a hearing before the Court on **Wednesday, January 10, 2001, at**

**2:00 p.m. in the Cimarron Courtroom, Fifth Floor, United States Courthouse,**

**333 Lomas Boulevard, NW, Albuquerque, New Mexico.**

## I.      Plaintiffs' Motions for Default Against APD Defendants

In a series of motions presently before the Court, Plaintiffs move for Default Judgment against a number of Defendants. *See* Plaintiffs' Motions for Default Judgment against Defendants Albuquerque Police Department, Leif Arvickson, Ray Baca, Tom Sholtis, and Huang Dang ("APD Defendants"), filed May 23, 2000 *(Docs. 11, 12, 13, 14, 15)*.  As grounds for their motion, Plaintiffs allege that their original claim was filed in the Second Judicial District Court for the State of New Mexico on March 16, 2000.  Plaintiffs further allege that service of process was accepted by these defendants on March 17, 2000. Pursuant to state court RULE 1-012(A) NMRA 2000, a defendant "shall serve his  answer within thirty (30) days after the service of the summons and complaint upon him."  Instead, APD Defendants removed the case from New Mexico State Court to United States District Court, District of New Mexico on April 21, 2000.[1]

In cases removed to federal court prior to the defendant answering, the Federal Rules of Civil

---

[1] APD Defendants removed the case to this court thirty-five days after service of process was purported to be effected.  *See* Notice of Removal, filed April 21, 2000 *(Doc. 1)*.  Pursuant to §28 U.S.C. 1446(b), a notice of removal must be filed within thirty days after receipt by plaintiffs of the initial pleadings.  Failure to comply with this express statutory requirement is a "defect" that can justify granting a motion for remand pursuant to 28 U.S.C. § 1447(c). *See Huffman v. Saul Holdings Ltd. P'ship*, No. 98-5053, 1999 WL 791587, at *4 (10th Cir.).
        Although no motion to remand has been filed in this case, the Court now makes clear that it declines to remand.  Plaintiffs' complaint, which includes causes of action under 42 U.S.C. §§ 1983, 1985, and 1986 and the United States Constitution, sets forth "a claim or right arising under the Constitution, treaties or laws of the United States," and is thus removable to federal court. 28 U.S.C. § 1441(b).  Therefore,  in the interests of "finality, efficiency, and economy," the Court will retain jurisdiction. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 75 (1996).

Procedure  provide that a defendant's answer shall be served within 5 days of the notice of removal. FED. R. CIV. P. 81(c).  In this case,  APD Defendants filed their answer to Plaintiffs' Complaint on April 28, 2000.  In computing any period of time prescribed by the Federal Rules of Civil Procedure, "the day of the act, event or default from which the designated period of time begins to run shall not be included." *See* FED. R. CIV. P. 6(a).  Accordingly, the five day period did not begin to run until April 22, 2000, a Saturday.  Because the time period prescribed for Defendants' Answer under Rule 81(c) is less than eleven days, "intermediate Saturdays, Sundays and legal holidays are excluded in the computation." *See* FED. R. CIV. P. 6(a).  Therefore, the five days began on Monday, April 24, 2000 and APD Defendants' Answer, filed Friday, April 28, 2000,  was timely under FED. R. CIV. P. 81(c) and Plaintiffs' Motions for Default Judgments against them will be denied.

II.    **Motion for Order of Judgment  Against Defendant McGrath**

Based on Defendant McGrath's failure to plead or otherwise defend himself against Plaintiffs' claims, the Clerk of Court entered default against him.  *See* Entry of Default, filed August 16, 2000 *(Doc. 20)*.  Now, Plaintiffs move for a judgment against him.  *See* Plaintiffs' Motion for Judgment Order against Defendant Donald McGrath, filed August 25, 2000 *(Doc. 21)*.  Defendant McGrath, through the limited entry of appearance by his attorney, opposes Plaintiffs' Motion, alleging improper service. *See* Response to Motion for Judgment Order, filed September 28, 2000 *(Doc. 23)*.

Plaintiffs allege that summons was served on Defendant McGrath on May 23, 2000 and provide a copy of a summons addressed to "Don McGrath,  APD Officer." *See* Supplement to State Judicial Court File Documents, filed July 27, 2000 *(Doc. 16)*.  The summons purports to have been

served on "Lt. Michael Callihan...an agent authorized to receive service of process for Defendant." *See id.* There is no evidence that Defendant McGrath authorized Lt. Callihan to accept service on his behalf, nor is there any evidence that Defendant McGrath received any other notice of the claims against him. On the contrary, Defendant McGrath has not worked for the Albuquerque Police Department or any other subdivision or department since October 17, 1997, almost three years prior to the summons. *See* Affidavit of Donald R. McGrath, attached as Exhibit A to Response to Motion for Judgment Order, filed September 28, 2000 *(Doc. 23)*. Furthermore, Fed. R. Civ. P. 4(e) requires that a copy of the summons and complaint be delivered to the individual personally, or be left at the individual's dwelling with a person of suitable age and discretion residing at the dwelling. Nothing in Rule 4(e) allows service to be accomplished by delivering summons to a defendant's former place of employment.

Given the factual dispute between the parties regarding the perfection of service, the Court is hesitant to enter a Judgment against Defendant McGrath. Therefore, in light of the strong preference for the disposition of litigation on the merits, *see Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir.1970), the Court will set this matter for a hearing to determine whether a Judgment of Default against Defendant McGrath is appropriate and/or whether the Court should set aside the previously filed entry of default. *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir.1981) (opposition to motion for default can be treated as Rule 55(c) motion where a default judgment has not already been entered).

Wherefore,

IT IS HEREBY ORDERED that Plaintiffs' Motions for Default Judgment against Defendants

Albuquerque Police Department, Leif Arvickson, Ray Baca, Tom Sholtis, and Huang Dang ("APD Defendants"), filed May 23, 2000 *(Docs. 11, 12, 13, 14, 15)* are **denied**.

IT IS ALSO ORDERED that Plaintiffs' Motion for Judgment Order against Defendant Donald McGrath, filed August 25, 2000 *(Doc. 21)* will be set for hearing on **Wednesday, January 10, 2001, at 2:00 p.m. in the Cimarron Courtroom, Fifth Floor**, United States Courthouse, 333 Lomas Boulevard, NW, Albuquerque, New Mexico, to determine the propriety of a default judgment against Defendant McGrath.

Dated this 7th day of December, 2000.

_____
UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiffs

      Carlos and Myrna Diaz
      *Pro Se*

Attorneys for Defendants

      Kathryn Levy, Esq.
      Legal Department
      City of Albuquerque
      Albuquerque, New Mexico