# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CARLOS DIAZ and MYRNA DIAZ,

    Plaintiffs,

v.                                                      CIV No. 00-577 JC/DJS

SECOND JUDICIAL DISTRICT COURT et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendants' Candelaria, Romero, Decker, and Clary's Motion to Dismiss Third Amended Complaint and Memorandum in Support of Motion to Dismiss Third Amended Complaint (Motion to Dismiss), filed September 26, 2001 *(Doc. 85)*. The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Defendants' Motion to Dismiss is well taken and will be granted.

**I.**     **Background**

Plaintiffs Carlos Diaz and Myrna Diaz seek monetary damages against Defendants for fraud, conspiracy and other illegal activities arising out of a number of alleged actions stemming from Plaintiff Carlos Diaz's arrest on June 18, 1997. Plaintiffs claim that Defendants Decker and Clary, both assistant district attorneys, conspired to withhold evidence and perjure witnesses on two different occasions at two separate grand jury proceedings. *See* Plaintiffs' Third Amended Complaint, filed August 13, 2001 at 11-13 *(Doc. 76)*. Plaintiffs also assert that the District Attorney's Office committed fraud upon the court by preventing Plaintiffs from "getting their case to a jury trial" because the DA's office asked for and obtained five six month extensions. *See id.* at 12. Finally, Plaintiffs claim that Second Judicial District Judge, Neil Candelaria, furthered the conspiracy and

fraud apparently due to dismissing the criminal cases against them *without prejudice*. *See id.* at 20.

## II.     Standard of Review

The court's function on a Rule 12( b)(6) motion is not to weigh potential evidence that the parties might present at trial but to assess whether the plaintiffs' complaint alone is legally sufficient to state a claim for which relief may be granted. *See Miller v. Glanz*, 948 F. 2d 1562, 1565 (10th Cir. 1991). In deciding a motion to dismiss, the court presumes that all of the plaintiffs' factual allegations are true and draws all reasonable inferences in their favor. *See Swoboda v. Dubach*, 992 F. 2d 286, 289 ( 10th Cir. 1993). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiffs and the pleadings must be liberally construed. *See id*. The issue in reviewing the sufficiency of a complaint is not whether plaintiffs will ultimately prevail, but whether the claimants are entitled to offer evidence to support the claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## III.    Analysis

### A.     New Mexico Tort Claims Act

The New Mexico legislature enacted the New Mexico Tort Claims Act (NMTCA), N.M.S.A. § 41-4-1 *et. seq.* in response to the New Mexico Supreme Court's ruling in *Hicks v. State*, 544 P.2d 1153 (1975), which abolished governmental immunity. *See Garcia v. Albuquerque Pub. Schs.*, 622 P.2d 699, 701 (N.M. Ct. App. 1980). The Act grants governmental entities and public employees, acting within the scope of their duties, immunity from tort liability unless it is specifically waived in eight classes of activities: 1) the operation or maintenance of motor vehicles, aircraft, and watercraft; 2) the operation or maintenance of any building, public park, machinery, equipment or furnishings; 3) the operation of airports; 4) the operation of certain public utilities and services; 5) the operation

of certain medical facilities; 6) health care services; 7) the maintenance and existence of highways, streets and certain appurtenances; 8) and *certain unlawful acts of law enforcement officers. See* N.M. STAT. ANN. §§ 41-4-5 through 41-4-12 (1978) (emphasis added).

Plaintiffs' Third Amended Complaint is wholly deficient with regard to the NMTCA. Instead, Plaintiffs, in their Response to State Motion to Dismiss Third Amended Complaint for Monetary Damages for Fraud, Conspiracy and Other Illegal Activities, filed September 26, 2001 at 2 (*Doc. 86)*, daftly assert that the NMTCA is unconstitutional. Such claim is utterly without merit, as the New Mexico Court of Appeals specifically addressed this issue and held the NMTCA constitutional. *See Garcia,* 622 P.2d at 702. This Court finds no reason to disagree with the New Mexico Court of Appeals and Plaintiffs give no supporting authority to suggest otherwise.

Even if Plaintiffs had gone beyond their assertion that the NMTCA is unconstitutional and attempted to place Defendants into the last of the eight non-immune categories, such attempt would fail, for the NMTCA defines a law enforcement officer as

> any full-time salaried public employee of a governmental entity whose principal duties under law are to hold in custody any person accused of a criminal offense, to maintain public order or to make arrests for crimes, or members of the national guard when called to active duty by the governor.

N.M. STAT. ANN. § 41-4-3D. As the New Mexico Court of Appeals has held, district attorneys clearly are not law enforcement officers under the NMTCA. *See Coyazo v. State of New Mexico*, 897 P.2d 234, 236 (N.M. Ct. App. 1995). Moreover, this Court finds that under the plain language of the statute, judges are not law enforcement officers, as their principal duties do not include holding persons in custody or making arrests. Furthermore, the State Entity Defendants, the Second Judicial District Court and the Office of the Bernalillo County District Attorney, are also protected under the NMTCA. *See Ford v. New Mexico Dep't. of Pub. Safety*, 891 P.2d 546, 552-53 (N.M. Ct. App.

1994) (holding that a state entity is not an enforcement officer and therefore cannot be held liable under §41-4-12 except "to the extent that it is liable under the principles of *respondeat superior.*). The Court thus holds that the New Mexico Tort Claims Act shields Defendants from any liability towards Plaintiffs.

### B. Res Judicata

The doctrine of res judicata precludes a party from re-litigating claims that were raised or could have been raised against a party in prior litigation. *See Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997). Res judicata requires that the party asserting the defense satisfy four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiffs must have had a full and fair opportunity to litigate. In this case, Defendants meet the four elements and are entitled to the defense of res judicata.

Prior to consolidation, the Court dismissed these Defendants from *Diaz I* (CIV No. 00-577) and *Diaz III* (CIV No. 00-583). This portion of the case, formerly *Diaz II*, based on Plaintiffs' Third Amended Complaint claiming fraud and conspiracy, arises out of the same facts and circumstances alleged in the other cases against these same Defendants, as well as other defendants. *See Diaz I* and *Diaz III*. In *Diaz I* and *Diaz III,* Plaintiffs accused Defendants of the same conduct as alleged in *Diaz II,* such as withholding exculpatory evidence from grand juries. In *Diaz I*, Defendants Neil Candelaria, Jeff Romero, Peter Decker and Carter Clary filed a motion to dismiss on grounds of absolute immunity, which the Court granted. *See Memorandum Opinion and Order*, filed December 7, 2000 (Doc. 24) In *Diaz III,* Defendants Office of Bernalillo County District Attorney, Jeff Romero, Peter Decker and Carter Clary filed a motion to dismiss based on immunity and res judicata, which the Court granted. These dismissals preclude Plaintiffs from again attempting to

impose liability on Defendants, even though Plaintiffs have modified and corrected their claim to assert fraud and conspiracy.[1] Plaintiffs thus could have raised their fraud and conspiracy claims in the other suits but failed to do so.

Contrary to Plaintiffs' patently false assertion that there is no federal case law holding that a dismissal constitutes a decision on the merits, *see Plaintiffs' Response* at 4, the Tenth Circuit ruled that a finding that a party has failed to state a claim on which relief may be granted is a ruling on the merits. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 518 n. 8 (10th Cir. 1994). Moreover, Plaintiffs received a full and fair opportunity to litigate. In determining this standard, the Court looks at any procedural limitations, the party's incentive to fully litigate the claim, and whether effective litigation was limited due to the relationship of the parties. *See Nwosun*, 124 F.3d at 1257-58. Upon reviewing the record, this Court finds that Plaintiffs had a full and fair opportunity to litigate, as they encountered no procedural limitations; they had every incentive to fully litigate their other claims; and there were no limitations due to the relationship of the parties. Res judicata principals, therefore, preclude Plaintiffs' attempts to raise the claims now.

---

[1] **Note that the first judgment to be entered is entitled to res judicata effect without regard to the order of commencement of the cases. *See* Wright, Miller & Cooper, Federal Practice and Procedure § 4404.**

Wherefore,

**IT IS ORDERED** that Defendants' Candelaria, Romero, Decker and Clary's Motion to Dismiss Third Amended Complaint, filed September 26, 2001 (*Doc. 85),* is granted.

Dated November 27, 2001.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorney for Plaintiffs:

    Stephen McIlwain, Esq.
    Albuquerque, New Mexico

Attorney for Defendants:

    Barbara Pryor, Esq.
    McCary, Wilson & Pryor
    Albuquerque, New Mexico